U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JERMICHAEL BROWN, JR.<br><br>Plaintiff,<br><br>v<br><br>MUSKEGON RIVER YOUTH HOME, LLC; MUSKEGON RIVER YOUTH HOME, INC.; MUSKEGON RIVER YOUTH HOME REAL ESTATE, LLC, d/b/a K & K LAND LLC; MUSKEGON RIVER PATHWAY OF HOPE LLC, formerly d/b/a YOUTH OPPORTUNITY CONTER FOR SUCCESS AND INDEPENDENCE; MECOSTA-OSCEOLA INTERMEDIATE SCHOOL DISTRICT; MECOSTA-OSCEOLA INTERMEDIATE SCHOOL DISTRICT BOARD OF EDUCATION; and JOHN/JANE DOES 1 – 10, in their official, professional, personal, and individual capacities, jointly and severally;<br><br>Defendants. | )Case No.: 1:25-cv-442<br>)HON. JANE M. BECKERING |

ELIZABETH K. ABDNOUR (P78203)
Attorney for Plaintiff
325 e. Grand River Ave., Ste. 250
East Lansing, MI 48823
(517) 994-1776
liz@education-rights.com

DAVID WESLEY CORNISH, ESQ.
Attorney for Plaintiff
230 South Broad St., 17th Floor
Philadelphia, PA 19102
(888) 313-1385
dwesley24@gmail.com
*Admission application to be filed

GREGORY W. MAIR (P67465)
KAILEN C. PIPER (P82865)
Attorneys for Defendants Mecosta-Osceola Intermediate School District and Mecosta-Osceola Intermediate School District Board of Education
300 St. Andrews Road, Suite 302
Saginaw, MI 48638
(989) 790-0960
gmair@owdpc.com
kpiper@owdpc.com
dmcclure@owdpc.com

JOHN GILLOOLY (P41948)
Attorney for Defendant Muskegon River Youth Home, LLC, Muskegon River Youth Home, Inc., Muskegon River Youth Home Real Estate, LLC Muskegon River Pathway of Hope, LLC
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207-2641
(313) 446-5501 / Fax: (313) 259-0450
jgillooly@garanlucow.com

**DEFENDANTS MECOSTA-OSCEOLA INTERMEDIATE SCHOOL DISTRICT AND MECOSTA-OSCEOLA INTERMEDIATE SCHOOL DISTRICT BOARD OF EDUCATION'S MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(b)(6)**

****ORAL ARGUMENT REQUESTED****

NOW COME the above-named Defendants, MECOSTA-OSCEOLA INTERMEDIATE SCHOOL DISTRICT and MECOSTA-OSCEOLA INTERMEDIATE SCHOOL DISTRICT BOARD OF EDUCATION (collectively "MOISD"), by and through their attorneys, GREGORY W. MAIR and KAILEN C. PIPER, and for their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), state as follows:

1. That Plaintiff's Complaint alleges that he was subjected to unwelcomed illegal and sexual contact / conduct and physical abuse by employees of Co-Defendants, Muskegon River Youth Home, LLC, Muskegon River Youth Home,

Inc., Muskegon River Youth Home Real Estate, LLC, d/b/a K &K Land LLC's (collectively, "MRYH") in 2019.

2. That Plaintiff filed his Complaint on April 21, 2025, alleging: (1) violations of Title IX 20 U.S.C. § 1681 *et seq.* against the MOISD (Counts I and II); (2) violations of Title 42 (42 U.S.C. § 1983 *et seq*) against the MOISD (Counts III and IV); (3) Negligence and Recklessness against the MOISD (Count V); (4) Negligent Retention against the MOISD (Count VI); (5) Negligent Supervision against the MOISD (Count VII); (6) Gross Negligence against the MOISD (Count VIII); and (7) violations of the Elliot-Larsen Civil Rights Act MCL § 37.2201, *et seq*. against the MOISD (Count XIII). (ECF No. 1, Page ID. 12-30, 35-36).

3. That Plaintiff's federal and state law claims are barred by the applicable statute of limitations.

4. That Plaintiff does not allege, and he cannot prove, that the MOISD was a party to or perpetrated the underlying unwelcomed illegal sexual contact / conduct or physical abuse which forms the subject of this dispute.

5. That Plaintiff cannot prove that the statute of limitations should be tolled based upon Michigan's minor tolling provision as he failed to file his claims prior to his nineteenth (19th) birthday.

6. That Plaintiff cannot prove that the statute of limitations should be tolled based upon MCL §§ 600.5851b and 600.5805.

7. That MOISD and its staff are entitled to governmental immunity.

8. That Plaintiff cannot prove that MOISD owed him a duty of protection from MRYH's employees' abuse.

9. That the Instant Motion is further supported by the accompanying Brief in Support which is hereby incorporated in its entirety by reference.

WHEREFORE, Defendants, MECOSTA-OSCEOLA INTERMEDIATE SCHOOL DISTRICT and MECOSTA-OSCEOLA INTERMEDIATE SCHOOL DISTRICT BOARD OF EDUCATION, respectfully request that this Honorable Court Grant their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss Plaintiff's Complaint as to them in its entirety and with prejudice.

Respectfully Submitted,

Dated: July 9, 2025

/s/ Gregory W. Mair
GREGORY W. MAIR (P67465)
Attorney for Defendants Mecosta-Osceola Intermediate School District and Mecosta-Osceola Intermediate School District Board of Education
300 St. Andrews Road, Suite 302
Saginaw, Michigan 48638
(989) 790-0960
gregmair@owdpc.com
kpiper@owdpc.com

U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JERMICHAEL BROWN, JR.<br><br>Plaintiff,<br><br>v<br><br>MUSKEGON RIVER YOUTH HOME, LLC; MUSKEGON RIVER YOUTH HOME, INC.; MUSKEGON RIVER YOUTH HOME REAL ESTATE, LLC, d/b/a K & K LAND LLC; MUSKEGON RIVER PATHWAY OF HOPE LLC, formerly d/b/a YOUTH OPPORTUNITY CONTER FOR SUCCESS AND INDEPENDENCE; MECOSTA-OSCEOLA INTERMEDIATE SCHOOL DISTRICT; MECOSTA-OSCEOLA INTERMEDIATE SCHOOL DISTRICT BOARD OF EDUCATION; and JOHN/JANE DOES 1 – 10, in their official, professional, personal, and individual capacities, jointly and severally;<br><br>Defendants. | Case No.: 1:25-cv-442<br>HON. JANE M. BECKERING |


ELIZABETH K. ABDNOUR (P78203)
Attorney for Plaintiff
325 e. Grand River Ave., Ste. 250
East Lansing, MI 48823
(517) 994-1776
liz@education-rights.com

DAVID WESLEY CORNISH, ESQ.
Attorney for Plaintiff
230 South Broad St., 17th Floor
Philadelphia, PA 19102
(888) 313-1385
dwesley24@gmail.com
*Admission application to be filed

GREGORY W. MAIR (P67465)
KAILEN C. PIPER (P82865)
Attorneys for Defendants Mecosta-Osceola Intermediate School District and Mecosta-Osceola Intermediate School District Board of Education
300 St. Andrews Road, Suite 302
Saginaw, MI 48638
(989) 790-0960
gmair@owdpc.com
kpiper@owdpc.com
dmcclure@owdpc.com

JOHN GILLOOLY (P41948)
Attorney for Defendant Muskegon River Youth Home, LLC, Muskegon River Youth Home, Inc., Muskegon River Youth Home Real Estate, LLC Muskegon River Pathway of Hope, LLC
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207-2641
(313) 446-5501 / Fax: (313) 259-0450
jgillooly@garanlucow.com

---

**BRIEF IN SUPPORT OF DEFENDANTS MECOSTA-OSCEOLA INTERMEDIATE SCHOOL DISTRICT AND MECOSTA-OSCEOLA INTERMEDIATE SCHOOL DISTRICT BOARD OF EDUCATION'S MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(b)(6)**

****ORAL ARGUMENT REQUESTED****

PREPARED BY:
GREGORY W. MAIR (P67465)
Attorney for Defendants Mecosta-Osceola Intermediate School District and Mecosta-Osceola Intermediate School District Board of Education
300 St. Andrews Road, Suite 302
Saginaw, Michigan 48638
989/790-0960
gmair@owdpc.com

# TABLE OF CONTENTS


**PAGE**

Index of Authorities ........................................................................iv

Questions Presented ........................................................................vii

Statement of Controlling or Most Appropriate Authority for the Relief Requested........................................................................viii

Introduction ........................................................................1

Statement of Facts........................................................................2

Standard of Review........................................................................4

Law and Argument........................................................................5

I. PLAINTIFF'S FEDERAL AND STATE CLAIMS OF INAPPROPRIATE CONDUCT ARE TIME-BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS........................6

II. PLAINTIFF'S FEDERAL AND STATE LAW CLAIMS FAIL AS THE MOISD IS ENTITLED TO GOVERNMENTAL IMMUNITY AND IT DOES NOT OWE PLAINTIFF A DUTY......13

Conclusion........................................................................20

# INDEX OF AUTHORITIES

## CASES


***Altman v. Meridian Twp.***
439 Mich. 623 (1992)……………………………………………………12

***Anderson v. Bd. Of Educ. of Fayette Cty.***
616 F.Supp.2d 662, 668 (E.D. Ky. 2009)……………………………6

***Britt v. Smith***
9 Fed. Appx. 409, 411 (6th Cir. 2001) ……………………………8

***Burnett v. Bruner***
247 Mich. App. 365, 368 (2001)……………………………17, 18

***Cook v. Bennett***
94 Mich. App. 93, 100 (1979)……………………………x, 14, 18

***Ctr. for Bio-Ethical Reform, Inc. v. Napolitano***
648 F.3d 365, 369 (6th Cir. 2011)……………………………4

***Dibenedetto v. West Shore Hosp.***
461 Mich. 394, 402 (2002)……………………………12

***Dixon v. Anderson***
928 F.2d 212, 215 (6th Cir. 1991)……………………………6

***Doe v. Roman Catholic Archbishop of Archdiocese of Detroit***
264 Mich. App. 632, 639 (2004)……………………………ix, 9

***Forrester v. Clarenceville School District***
Dkt. No. 20-12727 at pgs. 2-3, (E.D. Mich. June 3, 2021)……………viii, 7

***Gladych v. New Family Homes, Inc.***
468 Mich. 594, 597 (2003)……………………………12

***Graves v. Warner Bros.***
253 Mich. App. 486, 494 (2002)……………………………18

***Hill v. Sears, Roebuck & Co.***
492 Mich. 651, 660 (2012)……………………………17

***In re Doe v. University of Detroit Jesuit High School and Academy, et. al.***
Dkt. No. 264679 at pg. 2, (Mich. Ct. App. Feb. 28, 2006)……………xi, 18

***Jackson v. City of Detroit***
449 Mich. 420, 433 (1995)……………………………x, 15

***JiQiang Xu v. Michigan State Univ.***
Dkt. No. 05-1372 at pg. 3, (6th Cir. Aug. 24, 2006)……………………ix, 6

***Kreipke v. Wayne State Univ.***
807 F.3d 768, 744 (6th Cir. 2015)……………………………5

***Mack v. City of Detroit***
467 Mich. 186, 203 (2002)……………………………14

***Mais v. Allianz Life Ins. Co. of N. Am.***
34 F. Supp. 3d 754, 765 (W.D. Mich. 2014……………………………..17
***Maskery v. Univ. of Michigan Bd. Of Regents***
468 Mich. 609, 614 (2003)…………………………..……..………..13, 14
***Monell v. Dep't of Social services or New York City***
436 U.S. 658, 694 (1978)………………………………..……..…………x, 15
***Murphy v. Michigan Bell Telephone Co.***
447 Mich. 93, 98 (1994)……………………………………………………12
***Overall v. Oakland County***
670 F.Supp. 3d 437, 447 (2023)……………………………….xi, 15, 16
***People v. Regts***
219 Mich. App. 294, 297 (1996)…………………….……..…………11
***Perreault v. Hostetler***
884 F.2d 267, 270 (6th Cir. 1989)………………………..…..………8
***Sevier v. Turner***
742 F.2d 262, 273 (6th Cir. 1984)……………………….………...………6
***Smith v. Bronson Lifestyle Imp. & Rsch. Ctr. Co.***
Dkt. No. 321813 at pg. 5, 8 (Mich. Ct. App. Dec. 15, 2015)……..……..xi, 18
***Stein v. Regions Morgan Keegan Select High Income Fund, Inc.***
821 F.3d 780, 786 (6th Cir. 2016)……………………….…………viii, 4, 5
***Stringwell v. Ann Arbor Pub. Sch. Dist.***
262 Mich. App. 709, 712 (2004)…………………………..……………13
***Tarlea v. Carbtree***
263 Mich. App. 80, 92 (2004)………………………………………………17
***Turner v. Auto Club Ins. Ass'n***
448 Mich. 22, 27 (1995)……………………………………………………12
***Vance v. Henry Ford Health Sys.***
272 Mich. App. 426, 432 (2006)……………………………………………9
***Williams v. Cunningham Drug Stores, Inc.***
429 Mich. 495, 499 (1988)………………………………………………18

**COURT RULES AND STATUTES**

20 U.S.C. § 1681……………………….…………………..……………viii, 1, 5, 7

42 U.S.C. § 1983……………………………….…………..viii, x, xi, 1, 2, 5, 7, 15

MCL § 37.2201…………………………..…………………….……..ix, 1, 2, 5

MCL § 600.5805……………………………………………ix, x, 10, 11, 13

MCL § 600.5851 ....... ix, x, 8, 9, 10, 11, 13

MCL 691.1407 ....... 16

MCL § 750.520 ....... 11, 13

FRCP 12(b)(6) ....... viii, 4, 5, 7, 20

## QUESTIONS PRESENTED

I. Whether this Honorable Court should dismiss Plaintiff's claims because they are barred by the applicable statute of limitations?

Defendants would answer, "Yes."
This Honorable Court should answer "Yes."

II. Whether this Honorable Court should dismiss Plaintiff's claims because Plaintiff cannot prove that the applicable statute of limitations should be tolled?

Defendants would answer, "Yes."
This Honorable Court should answer, "Yes."

III. Whether this Honorable Court should dismiss Plaintiff's Negligence claims because Plaintiff was not owed a duty of protection?

Defendants would answer, "Yes."
This Honorable Court should answer, "Yes."

**STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF REQUESTED**

The Federal Rule of Civil Procedure 12(b)(6) allows a claim to be dismissed when the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. Pro. 12(b)(6). If a claim is time-barred, it is appropriate for the court to dismiss the claim under Fed. R. Civ. Pro. 12(b)(6). *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 786 (6th Cir. 2016) (internal citations, quotations and brackets omitted).

Plaintiff alleges violations of Title IX, 20 U.S.C. § 1681 *et seq.* (Counts I and II) and violations of Title 42 (42 U.S.C. § 1983 *et seq*) (Counts III and IV) against the Mecosta-Osceola Intermediate School District and Mecosta-Osceola Intermediate School District Board of Education (collectively, the "MOISD"). Consistent with the previous opinions of the U.S. District Court for the Eastern District of Michigan, Plaintiff's claims arising under federal law are subject to a three (3) year statute of limitations that accrues at the time of the alleged inappropriate conduct / abuse and Michigan's Criminal Sexual Conduct Statutes do not apply to the federal law claims pled. *Forrester v. Clarenceville School District*, Dkt. No. 20-12727 at pgs. 2-3, (E.D. Mich. June 3, 2021) (Exhibit 3). Therefore, all of Plaintiff's federal law claims are time-barred and thus relief cannot be granted and this Honorable Court should decline to exercise supplemental jurisdiction.

In Michigan, a plaintiff may bring a cause of action for personal injury within three (3) years of the injury. MCL § 37.2201. The three (3) year limitations period begins when the "plaintiff knows or has reason to know of the injury." *JiQiang Xu v. Michigan State Univ.*, Dkt. No. 05-1372 at pg. 3, (6th Cir. Aug. 24, 2006) (Exhibit 2). The alleged injury in this case occurred in 2019, however, Plaintiff did not file his claim until 2025, three (3) years beyond the statute of limitations. Therefore, Plaintiff's claims are time-barred, and relief cannot be granted.

In some instances, minors may have the statute of limitations tolled if they were under the age of eighteen (18) years old when the claims accrued and they file their claims when they turn nineteen (19). MCL § 600.5851(1); *Doe v. Roman Catholic Archbishop of Archdiocese of Detroit*, 264 Mich. App. 632, 639 (2004). Herein, the minor tolling provision does not save Plaintiff's claim because he did not bring these claims when he was nineteen (19) in 2023. Plaintiff did not file his Complaint until he was twenty (20) years old. (Jermichael Brown MDOC—Exhibit 1).

Likewise, MCL § 600.5805(6) also extends the period of limitations to ten (10) years for an action to recover damages sustained because of criminal sexual conduct. *Id.* MCL § 600.5805(6) defines criminal sexual conduct as the actions or inactions of an alleged perpetrator / actor in performing an illegal sexual act. Herein, Plaintiff is not alleging that MOISD was the alleged perpetrator or actor that

performed the alleged illegal sexual act. Rather, the allegations against MOISD include failure to report child abuse, provide treatment, supervision, and rehabilitation in accordance with the law. (ECF No. 1, PageID. 12-30, 35-36). Therefore, MCL § 600.5805(6) does not toll the statute of limitations.

Further, MCL § 600.5851b(3) provides that a minor victim of "criminal sexual conduct" between December 31, 1996 and June 18, 2016 may commence an action to recover damages for "criminal sexual conduct" by September 16, 2018 if the person alleged to have committed the "criminal sexual conduct" is convicted of same and was the victim's physician or offered the victim medical treatment. However, this statute does not extend Plaintiff's claims in this case because the MOISD was not convicted of criminal sexual conduct, it was not Plaintiff's physician, and it did not offer Plaintiff medical treatment. Additionally, Plaintiff's claims accrued and were brought after 2018.

Under Michigan law, governmental agencies are immune from tort liability when they are engaged in the exercise of a governmental function. Michigan has not held that governmental immunity is inapplicable to school districts. *Cook v. Bennett*, 94 Mich. App. 93, 100 (1979). Importantly, "a governmental entity cannot be found liable under § 1983 on respondent superior theory." *Jackson v. City of Detroit*, 449 Mich. 420, 433 (1995) (citing *Monell v. Dep't of Social Services or New York City*, 436 U.S. 658, 694 (1978). In the instant case, the MOISD is a

governmental agency and is entitled immunity against Plaintiff's claims. Further, Plaintiff's claims under § 1983 (Count III and IV) are based on respondent superior. Additionally, for the MOISD employees to be liable, Plaintiff must prove that the defendant's gross negligence was "'the proximate cause [,]' [which]… means the one most immediate, efficient, and direct cause preceding an injury, not 'a proximate cause.'" *Overall v. Oakland County*, 670 F. Supp. 3d 437, 447 (2023). Here, the MOISD's employees are entitled to governmental immunity as their conduct was not grossly negligent as their actions were not "the" proximate cause of Plaintiff's injuries.

Similarly, Michigan law has long recognized that a defendant does not owe the plaintiff a duty to protect them from criminal conduct from a third party unless a special relationship exists between the defendant and the plaintiff. *Smith v. Bronson Lifestyle Imp.& Rsch. Ctr. Co.*, Dkt. No. 321813 at pg. 5, 8, (Mich. Ct. App. Dec. 15, 2015) (Exhibit 4) (citations omitted). A special relationship exists between a school agent and a student; the school agent is responsible for the oversight of the student's activity and is "present to observe and control." *In re Doe*, Dkt. No. 264679 at pg. 2, (Mich. Ct. App. Feb. 28, 2006) (Exhibit 5) (citations omitted). Here, MOISD did not owe Plaintiff a duty to protect him from harm caused by MRYH's employees because Plaintiff does not allege that Plaintiff was entrusted to MOISD at the time of the alleged abuse. Further, the Complaint does not allege that MOISD was in

control of Plaintiff during the alleged abuse, therefore, a special relationship did not exist between Plaintiff and the MOISD.

For the reasons set forth in more detail herein, MOISD respectfully requests that this Honorable Court Grant their Motion to Dismiss pursuant to FRCP 12(b)(6) and dismiss Plaintiff's Complaint as to them, in its entirety, and with prejudice.

## INTRODUCTION

Jermichael Brown Jr.'s ("Plaintiff's") Complaint alleges that he was court-ordered to live at Co-Defendants, Muskegon River Youth Home, LLC, Muskegon River Youth Home, Inc., Muskegon River Youth Home Real Estate, LLC, d/b/a K &K Land LLC's (collectively, "MRYH") facility. During his stay, he claims he was subjected to unwelcomed illegal sexual contact / conduct and physical abuse by MRYH's employees in 2019. (*See Plf.'s Complaint,* ECF No. 1, PageID. 7, ¶ 35, 38a). Mecosta-Osceola Intermediate School District and Mecosta-Osceola Intermediate School District Board of Education (collectively, the "MOISD") provided educational services at MRYH's facility. (ECF No. 1, PageID. 7, ¶ 34).

Plaintiff filed his Complaint on April 21, 2025. As to the MOISD, Plaintiff's Complaint alleges:

1. Violations of Title IX 20 U.S.C. § 1681 *et seq*. (Counts I and II).
2. Violations of Title 42 (42 U.S.C. § 1983 *et seq*) (Counts III and IV).
3. Negligence and Recklessness (Count V).
4. Negligent Retention (Count VI).
5. Negligent Supervision (Count VII).
6. Gross Negligence (Count VIII).
7. Violations of the Elliot-Larsen Civil Rights Act MCL § 37.2201, *et seq*. (Count XIII).

(ECF No. 1, Page ID. 12-30, 35-36).

Additionally, Plaintiff's Complaint alleges:

1. Violations of Title IX 20 U.S.C. § 1681 *et seq.* against MRYH. (Counts I and II).

2. Violations of Title 42 U.S.C. § 1983 against MRYH and John/Jane Doe 1-10. (Counts III and IV).
3. Negligence and Recklessness against MRYH and John/Jane Doe 1-10. (Count V).
4. Negligent Retention against MRYH and John/Jane Doe 1-10. (Count VI).
5. Negligent Supervision against MRYH and John/Jane Doe 1-10. (Count VII).
6. Gross Negligence against MRYH and John/Jane Doe 1-10. (Count VIII).
7. Vicarious Liability against MRYH. (Count IX).
8. Negligent Infliction of Emotional Distress against MRYH. (Count X).
9. Intentional Infliction of Emotional Distress against MRYH. (Count XI).
10. Breach of Fiduciary Duty against MRYH. (Count XII).
11. Violations of the Elliot-Larsen Civil Rights Act MCL § 37.2201, *et seq.* against MRYH and John/Jane Doe 1-10. (Count XIII).

(ECF No. 1, Page ID. 12-36).

However, Plaintiff's federal and state law claims against the MOISD are barred by the applicable statute of limitations. Further, Plaintiff's federal and state law claims should be dismissed because the MOISD is entitled to governmental immunity, and it did not owe Plaintiff a duty of protection against MRYH's employees. Therefore, the claims within Plaintiff's Complaint against MOISD must be dismissed in their entirety and with prejudice.

## STATEMENT OF FACTS

Plaintiff turned twenty-one (21) years old on April 22, 2025, one day prior to filing his Complaint. (Jermichael Brown MDOC—Exhibit 1). His Complaint notes that he was a minor at the time that the alleged causes of action accrued in this matter. (ECF No. 1, PageID. 7, ¶ 38a). The Complaint states that he was approximately

fifteen (15) when he was court-ordered to live at MRYH's facility in 2019, when the alleged abusive events took place. (ECF No. 1, PageID. 7, ¶ 35, 38a).

Specifically, while at the facility, Plaintiff alleges that he was abused by MRYH's employees. (ECF No. 1, PageID. 8, ¶ 38b-38h). This includes MRYH employee, Ms. Nicole, who allegedly engaged in inappropriate sexual behaviors with Plaintiff. (ECF No. 1, PageID. 8, ¶ 38f-h). Further, the Complaint alleges physical abuse by MRYH employees Dewey, Beard, and Cast. (ECF No. 1, PageID. 8, ¶ 38b-e).

Accepting all of the factual allegations of the Plaintiff's Complaint as true[1], as the MOISD must for the purpose of this Motion, the last alleged inappropriate conduct attributed to MRYH took place in 2019, six (6) years prior to the filing of Plaintiff's Complaint in this matter on April 21, 2025. (ECF No. 1, PageID. 7, ¶ 38a). Additionally, given that Plaintiff was fifteen (15) in 2019, he would have reached the age of majority, eighteen (18), by 2022. (Exhibit 1).

With respect to the MOISD, Plaintiff alleges that it, through its staff, are mandated reporters pursuant to MCL 722.623 and required to report any suspected child abuse. (ECF No. 1, PageID. 9, ¶ 42). Additionally, Plaintiff alleges that the

[1] Only accepting for purposes of this Motion and reserve the right to dispute the allegations pertaining to liability and/or damages should this Motion not prevail in full.

MOISD had a duty to provide treatment, supervision, and rehabilitation in accordance with the law and failed to do so. (ECF No. 1, PageID. 12, ¶ 57).

However, Plaintiff does not allege specifically how or when the MOISD or its staff suspected or knew of any abuse nor when it failed to take any remedial steps. The Complaint does not allege that the MOISD participated in the alleged inappropriate conduct or physical abuse. Rather, Plaintiff alleges only that MOISD provided educational services for MRYH. (ECF No. 1, PageID. 7, ¶ 34). Importantly, Plaintiff does not allege that the MOISD employed, controlled or supervised Ms. Nicole, Dewey, Beard, or Cast. Notably, there are no allegations that the MOISD even knew Ms. Nicole, Dewey, Beard, or Cast or had any control over their employment.

**<u>STANDARD OF REVIEW</u>**

In reviewing a motion to dismiss brought pursuant to Fed. R. Civ. Pro. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 785-86 (6th Cir. 2016) (internal citations, quotations and brackets omitted). However, a court need not accept any legal conclusions when considering a motion to dismiss. *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). To survive a motion to dismiss under Rule 12(b)(6), "[t]he complaint must contain either direct or

inferential allegations respecting all material elements necessary for recovery under a viable legal theory." *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 744 (6th Cir. 2015) (citation omitted). "[W]hen the allegations in the complaint affirmatively show that the claim is time-barred. . . dismissing the claim under Rule 12(b)(6) is appropriate." *Stein*, 821 F.3d at 786 (citations omitted).

## LAW AND ARGUMENT

Plaintiff's Complaint alleges nine (9) claims against the MOISD, which can be categorized into federal law claims and state law claims as follows:

### Federal Law Claims

1. Violations of Title IX 20 U.S.C. § 1681 *et seq.* (Counts I and II).
2. Violations of Title 42 (42 U.S.C. § 1983 *et seq*) (Counts III and IV).

### State Law Claims

3. Negligence and Recklessness (Count V).
4. Negligent Retention (Count VI).
5. Negligent Supervision (Count VII).
6. Gross Negligence (Count VIII).
7. Violations of the Elliot-Larsen Civil Rights Act MCL § 37.2201, *et seq.* (Count XIII).

(ECF No. 1, Page ID. 12-30, 35-36). For the reasons set forth below, Plaintiff's Complaint as it relates to the MOISD must be dismissed in its entirety and with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## I. PLAINTIFF'S FEDERAL AND STATE CLAIMS OF INAPPROPRIATE CONDUCT ARE TIME-BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.

A three (3) year statute of limitations applies to all of Plaintiff's claims alleged in his Complaint against the MOISD. While state law governs the limitations period, "federal law is used to determine 'when the statute of limitations begins to run, that is, when the cause of action accrues.'" *JiQiang Xu v. Michigan State Univ.*, Dkt. No. 05-1372 at pg. 3, (6th Cir. Aug. 24, 2006) (Exhibit 2) (citing *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991)). "The limitation period is triggered 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Id.* at 455-456. "The key date for accrual of the limitations period is the injury." *Id.*

In determining when Plaintiff's claims accrued, then, the key date is when he was allegedly injured, *i.e.*, when the alleged inappropriate relationship / conduct occurred. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984); see also *Anderson v. Bd. Of Educ. of Fayette Cty.*, 616 F.Supp.2d 662, 668 (E.D. Ky. 2009) (plaintiffs' allegations of sexual abuse accrued "at the time [the sexual abuse] was allegedly inflicted"). This is to say that plaintiffs' cause of action accrued at the time of the alleged abusive acts. Plaintiff alleges that the inappropriate relationship / conduct and physical abuse at issue occurred in 2019. (ECF No. 1, PageID. 9, ¶ 38a). Therefore, his claims accrued in 2019.

**A. The Eastern District of Michigan Court's Recent Decision in *Forrester v. Clarenceville School District* Bars all of Plaintiff's Federal Claims.**

In *Forrester v. Clarenceville School District,* Dkt. No. 20-12727 at pgs. 2-3, (E.D. Mich. June 3, 2021) (Exhibit 3), the Eastern District of Michigan Court recently granted the defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss on statute of limitations grounds as it related to the plaintiffs' federal law claims. Therein, the plaintiffs alleged federal law claims, much like the Plaintiff in this action, including alleged violations of 42 U.S.C. § 1983 and violations of Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681, *et seq.* (Exhibit 3). The court ultimately dismissed these claims finding that plaintiffs, all of which were students at the defendant school district and alleged that they had been abused as early as 2008 who had filed their complaint on October 7, 2020 had filed their complaint within the statute of limitations applicable to their federal law claims. (Exhibit 3). In this regard, the court found that their actions accrued at the time that the alleged abuse occurred in relation to their federal law claims which were subject to a three (3) year statute of limitations. (Exhibit 3). Thereafter, the court declined to exercise supplemental jurisdiction over the pendent state law claims, dismissing same without prejudice. (Exhibit 3).

The *Forrester* opinion is instructive as it relates to Plaintiff's federal law claims herein. In this regard, this Honorable Court should follow the Eastern District

of Michigan's decision that same are subject to a three (3) year statute of limitations that accrues at the time of the alleged inappropriate conduct / abuse and Michigan's Criminal Sexual Conduct Statutes do not apply to the federal law claims pled. Therefore, Plaintiff's federal law claims against the MOISD– alleged in Counts I, II, III, and IV of Plaintiff's Complaint, must be dismissed as same are barred by the three (3) year statute of limitations. Furthermore, this Honorable Court should refrain from exercising supplemental jurisdiction over Plaintiff's remaining state law claims as same are likewise time-barred for the reasons set forth herein.

### B. Plaintiff Cannot Prove That The Statute Of Limitations Should Be Tolled Based Upon Michigan's Minor Tolling Provision.

Michigan law applies in determining whether Plaintiff's claims may be tolled. *Perreault v. Hostetler*, 884 F.2d 267, 270 (6th Cir. 1989) ("Whether a limitations period is tolled is an inherent aspect of a state's statute of limitations and, therefore, federal courts are obligated to apply state tolling statutes"). Plaintiff cannot invoke the minor tolling provision contained within MCL § 600.5851 to overcome the untimeliness of his claims. "***The burden of demonstrating that an action is not barred by the applicable statute of limitations rests with the plaintiff.***" *Britt v. Smith*, 9 Fed. Appx. 409, 411 (6th Cir. 2001) (internal citations omitted) (emphasis added). MCL § 600.5851 (1), provides:

> Except as otherwise provided in subsections (7) and (8), if the person first entitled to make an entry or bring an action under this act is under 18 years of age or insane at the time the claim accrues, the person or

> those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run. This section does not lessen the time provided for in section 5852.

To obtain the benefit of tolling based upon minor status, Plaintiff must prove that he was a minor under the age of eighteen (18) years old when the claims accrued and that he filed his claims within one (1) year after his eighteenth birthday, or before he turned nineteen (19). MCL § 600.5851(1); *Doe v. Roman Catholic Archbishop of Archdiocese of Detroit*, 264 Mich. App. 632, 639 (2004) (finding that the plaintiff had one year after reaching the age of majority (18 years old) to file his claims). The Court in *Vance v. Henry Ford Health Sys.*, 272 Mich. App. 426, 432 (2006), explained that MCL § 600.5851(1) "does not toll the running of the general period of limitations applicable to the action; rather, ***it exempts certain claims from the bar of the general statute of limitations and allows the filing of a claim within one year after the disability is removed.***" (emphasis added).

Plaintiff alleges that while he was a minor while living at MRYH's facility, Ms. Nicole, Dewey, Beard, and Cast allegedly engaged in an inappropriate relationship / conduct directed toward him. (ECF No. 1, PageID. 7-8, ¶ 35, 38a-h). Plaintiff does not allege that he initiated any action to pursue his claims within one (1) year after reaching eighteen (18) years old, the age of majority. To the contrary, based upon the allegations within Plaintiff's Complaint, he did not initiate his claims by his nineteenth (19th) birthday, or one year after reaching the age of majority.

(ECF No. 1). Rather, he waited until April 21, 2025, to file his Complaint; even though, he turned eighteen (18) in 2022. (ECF No. 1) (Exhibit 1). As such, MCL § 600.5851 does not serve to toll Plaintiff's claims against the MOISD and his claims against them are barred by the applicable statute of limitations.

### C. MCL §§ 600.5851b(3) and 600.5805(6) Do Not Save Plaintiff's Claims.

MCL §§ 600.5851b(3) and 600.5805(6) are two (2) recently enacted statutes of limitations applicable to criminal sexual conduct claims. However, same do not apply and cannot be applied to extend the statute of limitations in this case.

In this regard, MCL § 600.5851b(3) states:

> (3) Regardless of any period of limitation under subsection (1) or sections 5805 or 5851, an individual who, while a minor, was the victim of criminal sexual conduct after December 31, 1996 but before 2 years before the effective date of the amendatory act that added this section may commence an action to recover damages [until 2016] sustained because of the criminal sexual conduct within 90 days after the effective date of the amendatory act that added this section if the person alleged to have committed the criminal sexual conduct was convicted of criminal sexual conduct against any person under section 520b of the Michigan penal code, 1931 PA 328, MCL 750.520b, and the defendant admitted either of the following:
>
> (a) That the defendant was in a position of authority over the victim as the victim's physician and used that authority to coerce the victim to submit.
>
> (b) That the defendant engaged in purported medical treatment or examination of the victim in a manner that is, or for purposes that are, medically recognized as unethical or unacceptable.

In this regard, MCL § 600.5851b(3) provides that an individual, who is a minor victim of "criminal sexual conduct" as defined by this statute, between December 31, 1996 and June 18, 2016 may commence an action to recover damages for "criminal sexual conduct" by September 16, 2018 if the person alleged to have committed the "criminal sexual conduct" is convicted of same as defined by MCL § 750.520b and was the victim's physician or offered the victim medical treatment – the Larry Nassar Exception. The Michigan Court of Appeals has stated that "medical treatment" in criminal sexual conduct cases, applies to all healthcare professionals. *People v. Regts*, 219 Mich. App. 294, 297 (1996). However, this exception is not applicable to Plaintiff's claims in this case because the MOISD was not Plaintiff's physician nor is there any allegation that it provided Plaintiff medical treatment. Likewise, the MOISD is not a healthcare professional. Additionally, Plaintiff's claims accrued and were brought after 2018.

Next, MCL § 5805(6), likewise amended in 2018, provides that the period of limitations is ten (10) years for an action to recover damages sustained because of criminal sexual conduct. Furthermore, MCL § 5805(16)(b) defines "criminal sexual conduct" as "conduct prohibited under section 520b, 520c, 520d, 520e, or 520g of the Michigan penal code, 1931 PA 328, MCL 750.520b, 750.520c, 750.520d, 750.520e, and 750.520g." MCL §§ 750.520b, 750.520c, 750.520d, 750.520e and 750.520g all define "criminal sexual conduct" in reference to the actions or inactions

of an alleged perpetrator / actor in performing an illegal sexual act, allegedly Ms. Nicole in this instance, as opposed to the MOISD, a non-party to the act. Indeed, all of the above-mentioned, penal statutes reference an actor who engages in a sexual act in support of their definition of "criminal sexual conduct."

The goal of statutory interpretation is to give effect to the Legislature's intent as expressed in the statutory language. *Gladych v. New Family Homes, Inc.*, 468 Mich. 594, 597 (2003); *Murphy v. Michigan Bell Telephone Co.*, 447 Mich. 93, 98 (1994). "If the language is unambiguous, we presume that the Legislature intended the meaning clearly expressed – no further judicial construction is required or permitted, and the statute must be enforced as written." *Id.* (quoting *Dibenedetto v. West Shore Hosp.*, 461 Mich. 394, 402 (2002) (internal quotations omitted)). When construing a statute, the court must presume that every word has some meaning and should avoid any construction that would render any part of the statute nullified. *Altman v. Meridian Twp.*, 439 Mich. 623 (1992). The words used by the legislature shall be given their common and ordinary meaning, and only where the statutory language is ambiguous may this Honorable Court look outside the statute to ascertain the Legislature's intent. *Turner v. Auto Club Ins. Ass'n*, 448 Mich. 22, 27 (1995). The above-quoted language is unambiguous; therefore, no further judicial interpretation is permitted.

Furthermore, there are no allegations, perhaps because there is no proof, that

the MOISD, was accused or convicted of "criminal sexual conduct" as defined by MCL § 750.520b. As such, pursuant to the plain and unambiguous language of the above-quoted statute, and the allegations contained within Plaintiff's Complaint, the actions or inactions of the MOISD, all non-parties to the alleged sexual conduct that forms the basis of Plaintiff's Complaint, do not meet the definition of "criminal sexual conduct" under MCL §§ 600.5851b(3) and 600.5805(6) and Plaintiff's claims cannot be tolled pursuant to same. Therefore, these statutes do not invoke tolling nor does it save Plaintiff's time-barred claims. Therefore, Plaintiff's state law claims against the MOISD–alleged in Counts V, VI, VII, VIII, and XIII of Plaintiff's Complaint, must be dismissed as same are barred by the three (3) year statute of limitations.

## II. PLAINTIFF'S FEDERAL AND STATE LAW CLAIMS FAIL AS THE MOISD IS ENTITLED TO GOVERMENTAL IMMUNITY AND IT DOES NOT OWE PLAINTIFF A DUTY.

### A. The MOISD is Entitled to Governmental Immunity.

Under Michigan law, government agencies are immune from tort liability when they are engaged in the exercise of a governmental function. It is undisputed that operating a school is considered to be a governmental function. *See Stringwell v. Ann Arbor Pub. Sch. Dist.*, 262 Mich. App. 709, 712 (2004); MCL 691.14017(1). However, the governmental immunity act sets forth exceptions to immunity, which must be narrowly construed. *See Maskery v. Univ. of Michigan Bd. of Regents*, 468

Mich. 609, 614 (2003). A governmental agency is immune from liability if the governmental agency is engaged in the exercise or discharge of a governmental function. Mich. Comp. Laws Ann. § 691.1407. No majority of our Supreme Court has held governmental immunity inapplicable to school districts. *Cook v. Bennett*, 94 Mich. App. 93, 100 (1979).

A "plaintiff must plead [his] case in avoidance of immunity." *Mack v. City of Detroit*, 467 Mich. 186, 203, (2002). "[A] plaintiff pleads in avoidance of governmental immunity by stating a claim that fits within a statutory exception or by pleading facts that demonstrate that the alleged tort occurred during the exercise or discharge of a nongovernmental or proprietary function." *Id.* A "governmental function" is defined as "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." *Id.* As previously noted, the operation of a school's educational services is a government function.

Here, Plaintiff failed to plead this action in avoidance of governmental immunity. Plaintiff's Complaint did not assert any exception to the governmental immunity enjoyed by the MOISD. Without asserting facts to justify an exception to governmental immunity, and because Plaintiff failed to plead in this action in avoidance of same, MOISD is entitled to continue to enjoy the immunity granted by law. MOISD is protected by governmental immunity because MOISD is a school

district engaged in the exercise of a governmental function by providing educational services.

### B. The MOISD Cannot be Liable under § 1983.

Further, for Plaintiff to prevail under § 1983, Counts III and IV, he must prove "1) the deprivation of right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Overall v. Oakland County*, 670 F. Supp. 3d 437, 449 (2023). However, "***a governmental entity cannot be found liable under § 1983 on respondent superior theory.*** Rather, such liability can be imposed only for injuries inflicted pursuant to a governmental 'policy or custom.'" *Jackson v. City of Detroit*, 449 Mich. 420, 433 (1995) (citing *Monell v. Dep't of Social Services or New York City*, 436 U.S. 658, 694 (1978). "There must be an affirmative link between the policy or custom and the particular constitutional violation alleged. The alleged policy or custom must be the 'moving force' of the constitutional violation to establish liability." *Id.*

Here, Plaintiff's claims under § 1983 fail as a matter of law because the MOISD cannot be found liable on respondeat superior theory. The MOISD did not have a governmental policy or custom that was an affirmative link between the policy and Plaintiff's harm. The MOISD provided educational services at MYRH's facility. It did not have any policies or customs regarding controlling or supervising Ms. Nicole, Dewey, Beard, and Cast. Therefore, Plaintiff's claims must fail as a

matter of law and Plaintiff's claim must be dismissed.

### C. The MOISD's Staff are also Entitled to Governmental Immunity.

Under the Governmental Tort Liability Act (GTLA), MCL 691.1407(2), a governmental officer or employee is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service or caused by the volunteer while acting on behalf of a governmental agency if all of the following are met:

> (a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority; (b) The governmental agency is engaged in the exercise or discharge of a governmental function; and (c) The officer's, employee's, member's, or volunteer's conduct does not amount to **gross negligence** that is the **proximate cause** of the injury or damage.

MCL 691.1407(2). "In Michigan, to overcome governmental immunity, a plaintiff must prove that the defendant's gross negligence was '"the proximate cause [,]' [which]… means the one most immediate, efficient, and direct cause preceding an injury, not 'a proximate cause.'" *Overall*, 670 F. Supp. 3d 437, 447 (2023). Under GTLA, "gross negligence" is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury resulted." Mich. Comp. Laws § 691.1407(8)(a). To be considered grossly negligent, "a human actor's conduct must meet the 'high bar' of being 'the' proximate cause of the injury." *Overall*, 670 F. Supp. 3d 437, 447 (2023). The defendant's conduct being "a" proximate cause of

the injury is not enough to prove gross negligence. *Tarlea v. Carbtree*, 263 Mich.App. 80, 92 (2004).

Here, Plaintiff bears the burden to establish that the MOISD staff were grossly negligent. However, Plaintiff has failed to allege facts showing that the MOISD staff's conduct amounted to gross negligence. Further, the staff's alleged failure to report the abuse, was not "the" proximate cause of Plaintiff's injury. Plaintiff's injury was caused by the abuse from Ms. Nicole, Dewey, Beard, and Cast. Based on the foregoing, any claim Plaintiff has against the MOISD's staff will fail as a matter of law and Plaintiff's claims against the MOISD must be dismissed.

### D. MOISD Did Not Owe a Duty to Protect from the Criminal Conduct of Another.

Plaintiff cannot meet his burden of proving that the MOISD was directly negligent, or that it engaged in Negligent Retention or Negligent Supervision. For a plaintiff to recover damages for negligence, the plaintiff must prove: "(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the defendant's breach was a proximate cause of the plaintiff's damages, and (4) the plaintiff suffered damages." *Mais v. Allianz Life Ins. Co. of N. Am.*, 34 F. Supp. 3d 754, 765 (W.D. Mich. 2014) (citing *Hill v. Sears, Roebuck & Co.*, 492 Mich. 651, 660 (2012)). The defendants have a duty to "conform to a particular standard of conduct to protect others against unreasonable risks of harm." *Mais v. Allianz Life Ins. Co. of N. Am.*, 34 F. Supp. 3d 754, 765-66 (W.D. Mich. 2014) (citing *Burnett v.*

*Bruner*, 247 Mich. App. 365, 368 (2001)). Under Michigan law, there is not a duty to protect against the criminal conduct of another, unless there is a special relationship between the plaintiff and the defendant and "the protected party is readily identifiable as foreseeably endangered." *Smith v. Bronson Lifestyle Imp.& Rsch. Ctr. Co.*, Dkt. No. 321813 at pg. 5, 8, (Mich. Ct. App. Dec. 15, 2015) (Exhibit 4) (citations omitted).

A special relationship "is based on control; in each circumstance one person entrusts his care to another person, who is in control and best able to provide a place of safety." *In re Doe,* Dkt. No. 264679 at pg. 2, (Mich. Ct. App. Feb. 28, 2006) (Exhibit 5) (citing *Williams v. Cunningham Drug Stores, Inc.*, 429 Mich. 495, 499 (1988)). Special relationships exist between "landlord-tenant, proprietor-patron, employer-employee, residential invitor-invitee, psychiatrist-patient, doctor-patient, common carrier-passenger, and innkeeper-guest" relationships. (Exhibit 5 at pg. 2) (citing *Graves v. Warner Bros.*, 253 Mich. App. 486, 494 (2002)). Michigan Courts have recognized that there may be a special relationship between a school agent and a student if the school agent is responsible for the oversight of the student's activity and is "present to observe and control." (Exhibit 5 at pg. 2) (citing *Cook v. Bennett*, 94 Mich. App. 93, 98 (1979)).

*In re Doe*, a student claimed that the school was negligent because an individual, a non-student, entered the building after school hours and sexually

assaulted a student. (Exhibit 5 at pg. 2). The court affirmed the trial court's decision to grant the school's motion for summary disposition finding that the school did not owe the student a duty. (Exhibit 5 at pg. 3). The court reasoned that the school did not owe the student a duty because when the incident occurred, it was not during school hours nor was the student participating in a school-sponsored event. (Exhibit 5 at pg. 3). Further, the court reasoned that the student was not entrusted nor in control of the student when the assault occurred. (Exhibit 5 at pg. 3).

In *Smith*, a camp attendee claimed negligence and negligent retention against a summer camp for the criminal sexual conduct of their employee. (Exhibit 4 at pg. 2). The court affirmed the trial court's decision to grant the defendant's motion for summary disposition finding that the camp did not owe the plaintiff any duty. (Exhibit 4 at pg. 10). The court reasoned that the employee's conduct was unforeseeable, and the camp did not owe a duty to protect camp attendees from unforeseeable acts. (Exhibit 4 at pg. 5). Further, the court found that there was no evidence that the camp knew or should have known the employee would commit criminal sexual conduct. (Exhibit 4 at pg. 6).

Herein, Plaintiff did not allege that the MOISD was entrusted or had control over Plaintiff at any time, let alone during the alleged abuse. Therefore, there was not a special relationship formed between the MOISD and Plaintiff that would create a duty to protect Plaintiff from MRYH employees' conduct.

Further, the Complaint does not allege that the MOISD even knew Ms. Nicole, Dewey, Beard, or Cast, much less that the MOISD knew or should have known that they would commit criminal sexual conduct and physical abuse. Therefore, it was unforeseeable to the MOISD that MRYH's employees would allegedly abuse Plaintiff. Since the abuse was unforeseeable, the MOISD did not owe Plaintiff a duty to protect him from MRYH employees' conduct. Based upon the foregoing, Plaintiff's negligence claims against the MOISD– alleged in Counts V, VI, and VII of Plaintiff's Complaint must be dismissed because the MOISD did not owe a duty to protect Plaintiff from MRYH's employees' abuse.

## CONCLUSION

WHEREFORE, Defendants, MECOSTA-OSCEOLA INTERMEDIATE SCHOOL DISTRICT and MECOSTA-OSCEOLA INTERMEDIATE SCHOOL DISTRICT BOARD OF EDUCATION, respectfully request that this Honorable Court Grant their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(B)(6) and dismiss Plaintiff's Complaint as to them in its entirety and with prejudice.

Respectfully Submitted,

Dated: July 9, 2025

/s/ Gregory W. Mair
GREGORY W. MAIR (P67465)
Attorney for Defendants MOISD and
MOISD Board of Education
300 St. Andrews Road, Suite 302
Saginaw, Michigan 48638
gmair@owdpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send confirmation of such filing to the following:

| | |
|---|---|
| Elizabeth K. Abdnour | liz@education-rights.com<br>abdnoure@recap.email<br>jennifer@education-rights.com<br>elisabeth@education-rights.com |
| Gregory W. Mair | gmair@owdpc.com<br>dmcclure@owdpc.com<br>jmconnolly@owdpc.com |
| Kailen C. Piper | kpiper@owdpc.com |
| John Gillooly | jgillooly@garanlucow.com<br>dshealy@garanlucow.com |

Respectfully submitted,

Dated: July 9, 2025

/s/ Gregory W. Mair

GREGORY W. MAIR (P67465)
Attorney for Defendants Saginaw ISD
& Saginaw ISD Board of Education
300 St. Andrews Road, Suite 302
Saginaw, Michigan 48638
(989) 790-0960
gmair@owdpc.com