UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMICHAEL BROWN, JR.

     Plaintiff,

v.

MUSKEGON RIVER YOUTH HOME,
LLC; MUSKEGON RIVER YOUTH
HOME, INC.; MUSKEGON RIVER
YOUTH HOME REAL ESTATE, LLC,
d/b/a K & K LAND LLC, MUSKEGON
RIVER PATHWAY OF HOPE, LLC,
formerly d/b/a YOUTH OPPORTUNITY
CENTER FOR SUCCESS AND
INDEPENDENCE; MECOSTA-
OSCEOLA INTERMEDIATE SCHOOL
DISTRICT BOARD OF EDUCATION; and
JOHN/JANE DOES 1-10, in their official,
professional, personal, and individual
capacities, jointly
and severally,

     Defendants.

Case No.: 1:25-cv-00442
Hon. Jane M. Beckering
Magistrate Judge Sally J. Berens

| | |
|---|---|
| Elizabeth K. Abdnour (P78203)<br>ABDNOUR WEIKER, LLP<br>325 E. Grand River Ave., Suite 250<br>East Lansing, MI 48823<br>517. 994.1776<br>liz@education-rights.com<br><br>David Wesley Cornish*<br>CORNERSTONE LEGAL GROUP, LLC<br>230 South Broad Street, 17th Floor<br>Philadelphia, PA 19102<br>888.313.1385<br>dwesley24@gmail.com<br>*Admission application to be filed | John J. Gillooly (P41948)<br>Will Duffield (P87242)<br>GARAN LUCOW MILLER, P.C.<br>Attorney for Defendants Muskegon River<br>Youth Home, LLC, Muskegon River<br>Youth Home, Inc., Muskegon River<br>Youth Home Real Estate, LLC, Muskegon<br>River Pathway of Hope, LLC<br>1155 Brewery Park Blvd., Suite 200<br>Detroit, MI 48207-2641<br>313.446.5501 / Fax: 313.259.0450<br>jgillooly@garanlucow.com<br>wduffield@garanlucow.com |

Gregory W. Mair (P67465)
Kailen C. Piper (P82865)
Attorneys for Defendant Mecosta-
Osceola
300 St. Andrews Road, Suite 302
Saginaw, MI 48638
(989) 790-0960
gmair@owdpc.com
kpiper@owdpc.com
dmcclure@owdpc.com

**DEFENDANTS MUSKEGON RIVER YOUTH HOME, LLC, MUSKEGON RIVER YOUTH HOME, INC., MUSKEGON RIVER YOUTH HOME REAL ESTATE LLC, AND MUSKEGON RIVER PATHWAY OF HOPE, LLC'S CONCURRENCE IN CO-DEFENDANT'S MECOSTA-OSCEOLA INTERMEDIATE SCHOOL DISTRICT AND MECOSTA-OSCEOLA INTERMEDIATE SCHOOL DISTRICT BOARD OF EDUCATION'S MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(b)(6)**

NOW COME Defendants, Muskegon River, Youth Home, LLC, Muskegon River Youth Home, Inc., Muskegon River Youth Home Real Estate, LLC, and Muskegon River Pathway of Hope, LLC (hereinafter collectively "Muskegon River Youth Home") by and through their attorneys, GARAN LUCOW MILLER, P.C., and hereby concur in the relief requested in Defendants Mecosta-Osceola Intermediate School District and Mecosta-Osceola Intermediate School District Board of Education's Motion to Dismiss Pursuant to Fed R. Civ. P. 12(b)(6):

1.     Defendant Muskegon River Youth Home concurs in Defendant MOISD's motion and relief requested. In the interest of avoiding duplicative arguments and briefs on the same, Defendant Muskegon River Youth Home files this concurrence and relies upon the arguments presented by MOISD. **(See Exhibit A – Co-Defendant MOISD's Motion to Dismiss)**.

2.     Plaintiff has filed thirteen (13) claims against Defendant Muskegon River Youth Home —nine (9) of which are also claimed against Defendant MOISD. **(See**

2

**Exhibit B – Plaintiff's Complaint)**. These nine (9) claims – Counts I, II, III, IV, V, VI, VII, VIII, and XIII—are barred and/or inapplicable as to both MOISD and Muskegon River Youth Home as for the reasons stated in MOISD's Motion.

3.      However, MOISD's Motion does not address the counts that were only claimed against Muskegon River Youth Home: Vicarious Liability (Count IX), Negligent Infliction of Emotional Distress (Count X), Intentional Infliction of Emotional Distress (Count XI), and Breach of Fiduciary Duty (Count XII). **(*See* Exhibit B – Plaintiff's Complaint).**

4.      As such Muskegon River Youth Home now addresses these counts in the present motion and moves for their dismissal.

5.      As set forth below, Plaintiff's state law claims of Vicarious Liability (Count IX), Negligent Infliction of Emotional Distress (Count X), Intentional Infliction of Emotional Distress (Count XI), and Breach of Fiduciary Duty (Count XII) are barred by the applicable statute of limitations.

6.      Additionally, dismissal of Plaintiff's state law claim of Negligent Infliction of Emotional Distress (Count X) is also appropriate for dismissal as it is inapplicable under Michigan law and should be dismissed.

7.      Moreover, as set forth in *Al-Shimmari v. Detroit Med. Ctr.*, 477 Mich.280, 731 N.W.2d 29 (May 2, 2007), Defendants Muskegon River Youth Home cannot be held vicariously liable for the acts of Jane/John Does 1-10.

8.      This Instant Motion is supported by the accompanying Brief in Support which is hereby incorporated in its entirety by reference.

9.      It is believed that Plaintiff will oppose this Motion per L. Civ. R. 7.1(d)(i).

WHEREFORE, Defendants MUSKEGON RIVER YOUTH HOME, LLC, MUSKEGON RIVER YOUTH HOME, INC., MUSKEGON RIVER YOUTH HOME REAL ESTATE, LLC, AND MUSKEGON RIVER PATHWAY OF HOPE, LLC, respectfully request that this Honorable Court Grant their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss Plaintiff's Complaint as to them in its entirety and with prejudice.

Respectfully submitted:

GARAN LUCOW MILLER, P.C.

Date: August 6, 2025

/s/John J. Gillooly
JOHN J. GILLOOLY (P41948)
WILL DUFFIELD (P87242)
Attorneys for Defendants Muskegon River
Youth Home, LLC, Muskegon River
Youth Home, Inc., Muskegon River
Youth Home Real Estate, LLC, and
Muskegon River Pathway of Hope, LLC
1155 Brewery Park Blvd., Suite 200
Detroit, MI  48207
313.446.5501
jgillooly@garanlucow.com
wduffield@garanlucow.com

**CERTIFICATE OF COMPLIANCE**

This instant motion certifies compliance with the type-volume limitation in L. Civ. R. 7.2(b)(ii).

This instant motion contains less than  ten thousand eight hundred (10,800) words, as defined by LCivR 7.2(b)(i), including headings, footnotes, citations and quotations, but excluding the case caption, cover sheets, any table of contents, any table of authorities, the signature block, attachments, exhibits, and affidavits.

The word count was generated using Microsoft Word 2013.

Respectfully submitted:

GARAN LUCOW MILLER, P.C.

Date: August 6, 2025

/s/John J. Gillooly
JOHN J. GILLOOLY (P41948)
WILL DUFFIELD (P87242)
Attorneys for Defendants Muskegon River
Youth Home, LLC, Muskegon River
Youth Home, Inc., Muskegon River
Youth Home Real Estate, LLC, and
Muskegon River Pathway of Hope, LLC
1155 Brewery Park Blvd., Suite 200
Detroit, MI  48207
313.446.5501
jgillooly@garanlucow.com
wduffield@garanlucow.com

## INDEX OF AUTHORITIES

### CASES

**Al-Shimmari v. Detroit Med. Ctr.**
   477 Mich. 280 (2007) ........................................................................ 3, 7, 16
**Anderson v. Bd. Of Educ. Of Fayette Cty.**
   616 F. Supp.2d 662 (E.D. Ky 2009) ......................................................... 13
**Bishop v. Lucent Tech., Inc.**
   520 F.3d 516 (6th Cir. 2008) ................................................................... 12
**Ctr. For Bio-Ethical Reform, Inc. v. Napolitano**
   648 F.3d 365 (6th Cir. 2011) ................................................................... 11
**Dixon v. Anderson**
   928 F. 2d 212 (6th Cir. 1991) .................................................................. 13
**Duran v. Detroit News, Inc.**
   200 Mich. App. 622 (1993) ...................................................................... 15
**Kreipke v. Wayne State Univ.**
   807 F.3d 768 (6th Cir. 2015) ................................................................... 12
**Sevier v. Turner**
   742 F. 2d 262 (6th Cir. 1984) .................................................................. 13
**Stein v. Regions Morgan Keegan Select High Income Fund, Inc.**
   821 F.3d 780 (6th Cir. 2016) .............................................................. 11, 12

### COURT RULES AND STATUTES

20 U.S.C. § 1681 ...................................................................................... 7, 9

42 U.S.C. § 1983 ...................................................................................... 7, 9

MCL § 600.5805 ..................................................................... 12, 13, 14, 17

MCL § 722.623 .............................................................................................. 11

MCL § 37.2201 ........................................................................................... 7, 9

MCL § 600.5851 ........................................................................................ 7, 17

Fed. R. Civ. P. 12(b)(6) ..................................................................... 7, 11, 12, 18

MCR 2.116(C)(7) and (8) ............................................................................... 16

## QUESTIONS PRESENTED

I.     Whether this Honorable Court should dismiss Plaintiff's claims because they are time barred by the applicable statute of limitations against both MOISD and Muskegon River Youth Home?

>       Defendants would answer "Yes"
>       This Honorable Court should answer "Yes"

II.    Whether this Honorable Court should dismiss Plaintiff's claims because Plaintiff cannot establish that the applicable statute of limitations should be tolled?

>       Defendants would answer "Yes"
>       This Honorable Court should answer "Yes"

III.   Whether this Honorable Court should dismiss the additional claims against Muskegon River Youth Home of vicarious liability, negligent infliction of emotional distress, intentional infliction of emotional distress, and breach of fiduciary duty?

>       Defendants would answer "Yes"
>       This Honorable Court should answer "Yes"

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR RELIEF REQUESTED

- Fed. R. Civ. P. 12(b)(6)
- Title IX, 20 U.S.C. § 1681 *et seq.*
- Title 42, 42 U.S.C. § 1983 *et seq.*
- MCL § 37.2201
- MCL § 600.5851 *at seq.*
- *Al-Shimmari v. Detroit Med. Ctr.*, 477 Mich.280, 731 N.W.2d 29 (May 2, 2007)
- *JiQiang Xu v. Michigan State Univ.*, Dkt. No. 05-1372 at pg. 3, (6th Cir. Aug. 24, 2006)
- *Bennett v. Michigan Dep't of Corr.*, No. 15-14465, 2017 WL 9477768, (E.D. Mich. Sept. 18, 2017), *report and recommendation adopted*, No. 15-CV-14465, 2017 WL 6430553 (E.D. Mich. Dec. 18, 2017)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMICHAEL BROWN, JR.

     Plaintiff,

v.

MUSKEGON RIVER YOUTH HOME,
LLC; MUSKEGON RIVER YOUTH
HOME, INC.; MUSKEGON RIVER
YOUTH HOME REAL ESTATE, LLC,
d/b/a K & K LAND LLC, MUSKEGON
RIVER PATHWAY OF HOPE, LLC,
formerly d/b/a YOUTH OPPORTUNITY
CENTER FOR SUCCESS AND
INDEPENDENCE; MECOSTA-
OSCEOLA INTERMEDIATE SCHOOL
DISTRICT BOARD OF EDUCATION; and
JOHN/JANE DOES 1-10, in their official,
professional, personal, and individual
capacities, jointly
and severally,

     Defendants.

Case No.: 1:25-cv-00442
Hon. Jane M. Beckering
Magistrate Judge Sally J. Berens

---

Elizabeth K. Abdnour (P78203)
ABDNOUR WEIKER, LLP
325 E. Grand River Ave., Suite 250
East Lansing, MI 48823
517. 994.1776
liz@education-rights.com

David Wesley Cornish*
CORNERSTONE LEGAL GROUP, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
888.313.1385
dwesley24@gmail.com
*Admission application to be filed

Gregory W. Mair (P67465)
Kailen C. Piper (P82865)

John J. Gillooly (P41948)
Will Duffield (P87242)
GARAN LUCOW MILLER, P.C.
Attorney for Defendants Muskegon River
Youth Home, LLC, Muskegon River
Youth Home, Inc., Muskegon River
Youth Home Real Estate, LLC, Muskegon
River Pathway of Hope, LLC
1155 Brewery Park Blvd., Suite 200
Detroit, MI  48207-2641
313.446.5501 / Fax: 313.259.0450
jgillooly@garanlucow.com
wduffield@garanlucow.com

Attorneys for Defendant Mecosta-
Osceola
300 St. Andrews Road, Suite 302
Saginaw, MI 48638
(989) 790-0960
gmair@owdpc.com
kpiper@owdpc.com
dmcclure@owdpc.com

**<u>DEFENDANTS MUSKEGON RIVER YOUTH HOME, LLC, MUSKEGON RIVER YOUTH HOME, INC., MUSKEGON RIVER YOUTH HOME REAL ESTATE LLC, AND MUSKEGON RIVER PATHWAY OF HOPE, LLC'S CONCURRENCE AND BRIEF IN SUPPORT OF CO-DEFENDANT'S MECOSTA-OSCEOLA INTERMEDIATE SCHOOL DISTRICT AND MECOSTA-OSCEOLA INTERMEDIATE SCHOOL DISTRICT BOARD OF EDUCATION'S MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(b)(6)</u>**

**<u>INTRODUCTION</u>**

Plaintiff Jermichael Brown, Jr., ("Mr. Brown") alleges that he was court-ordered to live at Muskegon River Youth Home (hereinafter "Muskegon River Youth Home") in 2019 when he was fifteen (15) years old. According to Plaintiff's Complaint, Mr. Brown claims that while he was at Muskegon River Youth Home, he was subjected to both physical abuse and unwanted sexual contact by Muskegon River Youth Home's employees. According to Plaintiff's Complaint, these actions occurred in 2019. **(*See* Exhibit B – Plaintiff's Complaint).**

Plaintiff filed his present Complaint on April 21, 2025. ***Id.*** As to Muskegon River Youth Home, Plaintiff has made the following allegations all Defendants:

1. Violations of Title IX, 20 U.S.C. § 1681 *et seq.* (Counts I and II);

2. Violations of Title 42, 42 U.S.C. § 1983 *et seq.* (Counts III and IV);

3. Negligence and Recklessness (Count V);

4. Negligent Retention (Count VI);

5. Negligent Supervision (Count VII);

6. Gross Negligence (Count VIII); and

7. Violations of the Elliot-Larsen Civil Rights Act MCL § 37.2201, *et seq.* (Count XIII).

Plaintiff has also alleged the following counts against the Muskegon River Youth Home Defendants:

1. Vicarious Liability (Count IX);

2. Negligent Infliction of Emotional Distress (Count X);

3. Intentional Infliction of Emotional Distress (Count XI); and

4. Breach of Fiduciary Duty (Count XII)

Defendants Muskegon River Youth Home concurs with Co-Defendant's Motion to Dismiss in its entirety with regards to Plaintiff's Counts I – VIII and XII. Plaintiff's state law and federal law claims are time barred by the applicable statute of limitations as explicated in Co-Defendant MOISD's Motion. Moreover, it is also Muskegon River Youth Home's position that Muskegon River Youth Home is entitles to governmental immunity. Therefore, Plaintiff's Counts I – VIII and XII must be dismissed against Muskegon River Youth Home in their entirety and with prejudice.

Defendants Muskegon River Youth Home now seek dismissal with prejudice as to the additional claims that were not addressed in Co-Defendant MOISD's Motion: vicarious liability, negligent infliction of emotional distress, intentional infliction of emotional distress, and breach of fiduciary duty.

## **FACTUAL BACKGROUND**

Plaintiff Jermichael Brown Jr. ("Mr. Brown") alleges that in 2019, when he was fifteen (15) years old, he was court-ordered to live at Muskegon River Youth Home. **(Exhibit B – Plaintiff's Complaint, pg. 7).** Mr. Brown claims that while he was at

Muskegon River Youth Home, he was physically and/or sexually abused by Muskegon River Youth Home employees Dewey, Beard, Cast, Ms. Nichole, and Tom (collectively identified at Jane and John Does 1 – 10 by Plaintiff). **(Exhibit B – Plaintiff's Complaint, pg. 8).** Accepting all of the factual allegations of Plaintiff's Complaint as true, the conduct alleged in Plaintiff's Complaint occurred in 2019—six (6) years prior to the filing on this instant action which was filed on April 21, 2025. **(Exhibit B – Plaintiff's Complaint).** Additionally, given that Plaintiff Mr. Brown was fifteen (15) when the conduct occurred in 2019, he would have reached the age of majority, eighteen (18), in 2022.

Plaintiff further alleges that Muskegon River Youth Home, through its staff, are mandated to make reports of suspected child abuse pursuant to MCL 722.623. **((Exhibit B – Plaintiff's Complaint pg. 9-12).** Moreover, Plaintiff alleges that Muskegon River Youth Home had a duty to provide treatment, supervision, and rehabilitation in accordance with the law and failed to do so. ***Id.***

However, Plaintiff fails to specify when or how Muskegon River Youth Home or its staff suspected, knew of, or should have known of any abuse nor when it failed to take any remedial steps. Moreover, at this time, Plaintiff has not identified nor served the parties known as Ms. Nichole, Dewey, Beard, or Cast.

## STANDARD OF REVIEW

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court is required to "construe the complaint in the light most favorable to the plaintiff and accept all the allegations as true." *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 785–86 (6th Cir. 2016) (internal citations, quotations, and brackets omitted). Nonetheless, courts are not obligated to accept a

party's legal conclusions as true when ruling on such motions. *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). To withstand dismissal under Rule 12(b)(6), "the complaint must contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 744 (6th Cir. 2015) (citation omitted). Moreover, "when the allegations in the complaint affirmatively show that the claim is time-barred. . . dismissing the claim under Rule 12(b)(6) is appropriate." *Stein*, 821 F.3d at 786 (citations omitted).

## **LAW AND ARGUMENT**

As stated above, Defendants Muskegon River Youth Home concur with Co-Defendant's Motion to Dismiss in its entirety with regards to Plaintiff's Counts I – VIII and XII.  Plaintiff's state law and federal law claims are time barred by the applicable statute of limitations as explicated in Co-Defendant MOISD's Motion. Defendants Muskegon River Youth Home now seek dismissal with prejudice as to the additional Michigan state law claims that were not addressed in Co-Defendant MOISD's Motion: vicarious liability, negligent infliction of emotional distress (MCL 600.5805), intentional infliction of emotional distress (MCL 600.5805), and breach of fiduciary duty. For the reasons set forth below, Plaintiff's Complaint as it relates to Muskegon River Youth Home must be dismissed in its entirety and with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). When "defendants have highlighted the apparent untimeliness of the complaint, plaintiffs may not simply rely on the bare assertion that they were unaware of the facts underlying their cause of action." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008).

## I.   PLAINTIFF'S STATE LAW CLAIMS ARE TIME-BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS AND SHOULD BE DISMISSED

A three (3) year statute of limitations applies to all of Plaintiff's claims alleged in their Complaint against Muskegon River Youth Home.[1] Although the limitations period is determined by state law, "federal law is used to determine 'when the statute of limitations begins to run, that is, when the cause of actions accrues.'" *JiQiang Xu v. Michigan State Univ.*, Dkt. No. 05-1372 at pg. 3, (6th Cir. Aug. 24, 2006) (citing *Dixon v. Anderson*, 928 F. 2d 212, 215 (6th Cir. 1991)). According to federal law, "[t]he limitation period is triggered 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Id.* at 455-456. "The key date for accrual of the limitations period is the injury." *Id.*

To determine when Plaintiff's claims accrued, the relevant point in time is when the alleged injury occurred—that is, when the alleged misconduct took place. *See Sevier v. Turner*, 742 F. 2d 262, 273 (6th Cir. 1984); *see also Anderson v. Bd. Of Educ. Of Fayette Cty.*, 616 F. Supp.2d 662, 668 (E.D. Ky 2009) (the statute of limitations accrued at the time the abuse was allegedly inflicted). In other words, the cause of action accrued at the time of the purported abusive conduct.

In this case, Plaintiff claims that the inappropriate relationship/conduct and the physical abuse took place in 2019. **(Exhibit B – Plaintiff's Complaint pg. 7).** Accordingly, his claims accrued in 2019.

Plaintiff's state law claims for intentional infliction of negligent infliction of emotional distress (Count 10), intentional infliction of emotional distress (Count 11), breach of fiduciary duty (Count 12), and vicarious liability (Count 9) are time barred and should be

---

[1] The state law claim of Vicarious Liability's statute of limitations depends on the underling tort's statute of limitations. Since all of the underlying claims have a statute of limitations of three (3) years, the statute of limitations of vicarious liability in the present matter is three (3) years.

dismissed. The statute of limitations for general personal injury actions, such as the ones listed above, is 3 years. Mich. Comp. Laws § 600.5805(10).

In *Anderson v. Mendoza*, No. 13-11241, 2013 WL 1875954 (ED Mich, May 3, 2013), the plaintiff filed several claims for personal injury—including for intentional infliction of emotional distress—for events that arose on July 19, 2009. Plaintiff filed his claim in sate court February 19, 2013 and it was subsequently removed to federal court the next month. The Eastern District Court held ruled that MCL § 600.5805(10) "is the applicable limitation for Plaintiff's personal injury and intentional infliction of emotional distress claims." *Anderson v Mendoza*, No. 13-11241, 2013 WL 1875954, at *2 (ED Mich, May 3, 2013). The statute of limitations period starts upon "the time of the death or injury for all actions to recover damages for the death of a person, or for injury to a person or property." *Id.* (quoting MCL § 600.5805(10)). Because the plaintiff in *Anderson* filed his claims more than three (3) years after the injury had occurred, the court dismissed his action for intentional infliction of emotional distress.

Here, Plaintiff's Complaint indicates that the alleged injuries occurred in 2019. **(Exhibit B – Plaintiff's Complaint pg. 7).** In the case at hand, Mr. Brown filed his Complaint six (6) years after the alleged injuries occurred. Moreover, Plaintiff did not pursue his claims within one (1) year after reaching the age of eighteen (18) years old. Mr. Brown turned eighteen (18) in 2022 and did not file his Complaint until April 21, 2025. **(Exhibit B – Plaintiff's Complaint).** Therefore, Plaintiff's state law claim against Muskegon River Youth Home of intentional infliction of emotional distress—alleged in Count Eleven—must be dismissed as it is time-barred by the applicable three (3) year statute of limitations.

## II. PLAINTIFF'S STATE LAW CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS IS INAPPLICABLE AND SHOULD BE DISMISSED

In Michigan, negligent infliction of emotional stress is a very limited tort, and applies only to the situation where a person suffers emotional distress **as the result of witnessing negligent injury to a third person**. *See Duran v. Detroit News, Inc.*, 200 Mich. App. 622, 629, 504 N.W.2d 715, 719-20 (1993)("[W]e decline to apply the tort of negligent infliction of emotional distress beyond  the  situation  where  a  plaintiff witnesses negligent injury to a third person and suffers mental disturbance as a result") (emphasis added).

In *Bennett v. Michigan Dep't of Corr.*, No. 15-14465, 2017 WL 9477768, (E.D. Mich. Sept. 18, 2017), *report and recommendation adopted*, No. 15-CV-14465, 2017 WL 6430553 (E.D. Mich. Dec. 18, 2017), the plaintiff alleged two counts due to an alleged botched surgery: medical malpractice and negligent infliction of emotional distress. The court stated: "[p]laintiff alleges that he is the victim of, not the witness to negligence, he has not stated a plausible claim for negligent infliction of emotional distress." *Id.* at *6.

Similarly, here, Plaintiff alleges that as a direct and proximate cause of Muskegon River Youth Home's actions and/or inactions, he suffered what Plaintiff constitutes as negligent infliction of emotional distress. In other words, Plaintiff alleges that "he is the victim of, not the witness to" the negligence. (quoting the language *Bennett v. Michigan Dep't of Corr.* at *6). As such, Plaintiff has not set forth a valid claim for negligent infliction of emotional distress. Therefore, Plaintiff's state law claims against Muskegon River Youth Home must be dismissed.

### III.    MUSKEGON RIVER YOUTH HOME CANNOT BE HELD VICARIOUSLY LIABLE FOR THE ACTS OF JOHN/JANE DOES 1-10

Plaintiff has alleged that Muskegon River Youth Home employees John/Jane Does were responsible for the physical and sexual that plaintiff underwent. **(Exhibit B – Plaintiff's Complaint).** Specifically, Plaintiff has stated that Muskegon River Youth Home employees "Dewey," "Beard," "Cast," "Ms. Nichole," and "Tom" were responsible for the alleged abuse suffered by Plaintiff. *Id.* **at 8.**  Further, Plaintiff has alleged that Defendant Muskegon River Youth Home is vicariously liable for the actions of these agents. **(Exhibit B – Plaintiff's Complaint - Vicarious Liability (Count IX).**

However, to date, these individuals have not been served nor properly named. At the time of the writing of this motion, a Notice of Impending Dismissal is pending due to Plaintiff's inability or unwillingness to serve John/Jane Does 1-10. **(Exhibit C – Notice of Impending Dismissal)** Moreover, as stated in both Defendants' briefs, such service on the John/Jane Does will be after the statute of limitations have expired on all the applicable claims. Therefore, Defendants John/Jane Does will not be served in time and any claims against them must be dismissed. As such, Defendant Muskegon River Youth Home cannot be held vicariously liable for any actions/inactions of John/Jane Does 1-10 i.e., "Dewey," "Beard," "Cast," "Ms. Nichole," and "Tom." As such, Plaintiff's claim of Vicarious Liability (Count IX) must be dismissed.

The Michigan Supreme Court has held that when the agent of a vicarious liability claim has been dismissed due to being served after the expiration of the statute of limitations, the principal is precluded from vicarious liability claims. *Al-Shimmari v. Detroit Med. Ctr.*, 477 Mich.280, 731 N.W.2d 29 (May 2, 2007). In *Al-Shimmari v. Detroit Medical Center*, the plaintiff alleged defendants had negligently performed back surgery on him

and attempted to file a claim against the surgeon and three other entities. Specifically, the plaintiff alleged that the defendant surgeon was the agent of the principal healthcare entities and the healthcare entities were vicariously liable for the surgeon's actions. *Id.* at 286. Plaintiff properly served the three healthcare entities within the statute of limitations but did not serve the surgeon within the statute of limitations. *Id.* at 285. Plaintiff's claims against the defendant surgeon were dismissed pursuant to MCR 2.116(C)(7) and (8) for service beyond the stature of limitations and failure to state a claim. Because the defendant surgeon had been dismissed with prejudice, the other remaining healthcare entities were also dismissed from the action since plaintiff could not prove that they were vicariously liable for the alleged negligence of the surgeon. The Michigan Court of Appeals reversed, *Al-Shimmari v. Detroit Med. Ctr.*, 2005 WL 2861069, (Docket Nos. 259363 and 262655), and the Supreme Court of Michigan reversed again.

The Michigan Supreme Court reviewed the issued and affirmed that the trial court had properly dismissed the healthcare entities.

> Because the remaining defendants may only be vicariously liable on the basis of the imputed negligence of [the surgeon], plaintiff must demonstrate that [the surgeon] was negligent in order for the remaining defendants to be found vicariously liable. However, the dismissal of the claims against [the surgeon] **operates as an adjudication on the merits of the claims** against [the surgeon]. Plaintiff consequently is unable to show that the remaining defendants are vicariously liable for the acts of [the surgeon], because the dismissal of the claims against [the surgeon] prevents plaintiff from arguing the merits of the negligence claim against [the surgeon]. *Id.* at 295–96.

Similar to *Al-Shimmari*, Plaintiff in the present manner has not served the allegedly liable agents John/Jane Does 1-10. Even if such agents were served, it would be after the expiration of the statute of limitations and would thus be dismissed with prejudice.

Therefore, Plaintiff's claims for Vicarious Liability (Count IX) against Muskegon River Youth Home should be dismissed with prejudice in accordance with the precedent set forth by *Al-Shimmari v. Detroit Medical Center*.

## IV.    MUSKEGON RIVER YOUTH HOME CONCURS WITH THE ARGUMENT AND ANALYSIS OF DISMISSAL OF PLAINTIFF'S FEDERAL AND STATE LAW CLAIMS AS SET FORTH IN CO-DEFENDANT MOISD'S MOTION TO DISMISS

The legal justifications for dismissal as set forth in Co-Defendant MOISD's Motion to Dismiss are hereby adopted and incorporated in Muskegon River Youth Home's argument for dismissal. Muskegon River Youth Home concurs with MOISD in that Plaintiff's federal and state claims are bared by the applicable statute of limitations, Plaintiff cannot prove that the statute of limitations should be tolled based upon Michigan's minor tolling provision as he failed to file his claims prior to his nineteenth (19th) birthday, Plaintiff cannot prove that the statute of limitations should be tolled based upon MCL §§ 600.5851b and §§ 600.5805, and Muskegon River Youth Home and its staff are entitled to governmental immunity.

## **CONCLUSION**

WHEREFORE, Defendants MUSKEGON RIVER YOUTH HOME, LLC, MUSKEGON RIVER YOUTH HOME, INC., MUSKEGON RIVER YOUTH HOME REAL ESTATE, LLC, AND MUSKEGON RIVER PATHWAY OF HOPE, LLC, respectfully request that this Honorable Court Grant their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss Plaintiff's Complaint as to them in its entirety and with prejudice.

Respectfully submitted:

GARAN LUCOW MILLER, P.C.

Date: August 6, 2025

/s/John J. Gillooly
JOHN J. GILLOOLY (P41948)
WILL DUFFIELD (P87242)
Attorneys for Defendants Muskegon River
Youth Home, LLC, Muskegon River
Youth Home, Inc., Muskegon River
Youth Home Real Estate, LLC, and
Muskegon River Pathway of Hope, LLC
1155 Brewery Park Blvd., Suite 200
Detroit, MI  48207
313.446.5501
jgillooly@garanlucow.com
wduffield@garanlucow.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMICHAEL BROWN, JR.

      Plaintiff,                    Case No.: 1:25-cv-00442
                                    Hon. Jane M. Beckering
v.                               Magistrate Judge Sally J. Berens

MUSKEGON RIVER YOUTH HOME, LLC;
MUSKEGON RIVER YOUTH HOME, INC.;
MUSKEGON RIVER YOUTH HOME REAL
ESTATE, LLC, d/b/a K & K LAND LLC,
MUSKEGON RIVER PATHWAY OF HOPE, LLC,
formerly d/b/a YOUTH OPPORTUNITY CENTER
FOR SUCCESS AND INDEPENDENCE;
MECOSTA-OSCEOLA INTERMEDIATE SCHOOL
DISTRICT BOARD OF EDUCATION; and
JOHN/JANE DOES 1-10, in their official, professional,
personal, and individual capacities, jointly
and severally,

      Defendants.

---

| | |
|---|---|
| Elizabeth K. Abdnour (P78203)<br>ABDNOUR WEIKER, LLP<br>325 E. Grand River Ave., Suite 250<br>East Lansing, MI 48823<br>517. 994.1776<br>liz@education-rights.com | John J. Gillooly (P41948)<br>GARAN LUCOW MILLER, P.C.<br>Attorney for Defendants Muskegon River<br>Youth Home, LLC, Muskegon River<br>Youth Home, Inc., Muskegon River<br>Youth Home Real Estate, LLC, Muskegon<br>River Pathway of Hope, LLC |
| David Wesley Cornish*<br>CORNERSTONE LEGAL GROUP, LLC<br>230 South Broad Street, 17th Floor<br>Philadelphia, PA 19102<br>888.313.1385<br>dwesley24@gmail.com<br>*Admission application to be filed | 1155 Brewery Park Blvd., Suite 200<br>Detroit, MI  48207-2641<br>313.446.5501 / Fax: 313.259.0450<br>jgillooly@garanlucow.com |

---

1

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on <u>August 6, 2025</u>, my assistant Mitchell J. Wymer, electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

**Elizabeth K. Abdnour**
ABDNOUR WEIKER, LLP
325 E. Grand River Ave., Suite 250
East Lansing, MI 48823
517. 994.1776
liz@education-rights.com

Date: August 6, 2025

Respectfully submitted:

GARAN LUCOW MILLER, P.C.

/s/John J. Gillooly
JOHN J. GILLOOLY (P41948)
WILL DUFFIELD (P87242)
Attorneys for Defendants Muskegon River Youth Home, LLC, Muskegon River Youth Home, Inc., Muskegon River Youth Home Real Estate, LLC, and Muskegon River Pathway of Hope, LLC
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207
313.446.5501
jgillooly@garanlucow.com
wduffield@garanlucow.com

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMICHAEL BROWN, JR.

     Plaintiff,

v.

MUSKEGON RIVER YOUTH HOME, LLC;
MUSKEGON RIVER YOUTH HOME, INC.;
MUSKEGON RIVER YOUTH HOME REAL
ESTATE, LLC, d/b/a K & K LAND LLC,
MUSKEGON RIVER PATHWAY OF HOPE, LLC,
formerly d/b/a YOUTH OPPORTUNITY CENTER
FOR SUCCESS AND INDEPENDENCE;
MECOSTA-OSCEOLA INTERMEDIATE SCHOOL
DISTRICT BOARD OF EDUCATION; and
JOHN/JANE DOES 1-10, in their official, professional,
personal, and individual capacities, jointly
and severally,

     Defendants.

Case No.: 1:25-cv-00442
Hon. Jane M. Beckering
Magistrate Judge Sally J. Berens

| | |
|---|---|
| Elizabeth K. Abdnour (P78203)<br>ABDNOUR WEIKER, LLP<br>325 E. Grand River Ave., Suite 250<br>East Lansing, MI 48823<br>517. 994.1776<br>liz@education-rights.com<br><br>David Wesley Cornish*<br>CORNERSTONE LEGAL GROUP, LLC<br>230 South Broad Street, 17th Floor<br>Philadelphia, PA 19102<br>888.313.1385<br>dwesley24@gmail.com<br>*Admission application to be filed | John J. Gillooly (P41948)<br>GARAN LUCOW MILLER, P.C.<br>Attorney for Defendants Muskegon River<br>Youth Home, LLC, Muskegon River<br>Youth Home, Inc., Muskegon River<br>Youth Home Real Estate, LLC, Muskegon<br>River Pathway of Hope, LLC<br>1155 Brewery Park Blvd., Suite 200<br>Detroit, MI  48207-2641<br>313.446.5501 / Fax: 313.259.0450<br>jgillooly@garanlucow.com |

**DEFENDANTS MUSKEGON RIVER YOUTH HOME, LLC, MUSKEGON RIVER YOUTH HOME, INC., MUSKEGON RIVER YOUTH HOME REAL ESTATE LLC, AND MUSKEGON RIVER PATHWAY OF HOPE, LLC'S CONCURRENCE IN CO-DEFENDANT'S MECOSTA-OSCEOLA INTERMEDIATE SCHOOL DISTRICT AND MECOSTA-OSCEOLA INTERMEDIATE SCHOOL DISTRICT BOARD OF EDUCATION'S MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(b)(6)**

1

**EXHIBIT A:**       **Co-Defendant MOISD's Motion to Dismiss**

**EXHIBIT B:**       **Plaintiff's Complaint**

**EXHIBIT C:**       **Notice of Impending Dismissal**

Respectfully submitted:

GARAN LUCOW MILLER, P.C.

Date: August 6, 2025

/s/John J. Gillooly
JOHN J. GILLOOLY (P41948)
WILL DUFFIELD (P87242)
Attorneys for Defendants Muskegon River
Youth Home, LLC, Muskegon River
Youth Home, Inc., Muskegon River
Youth Home Real Estate, LLC, and
Muskegon River Pathway of Hope, LLC
1155 Brewery Park Blvd., Suite 200
Detroit, MI  48207
313.446.5501
jgillooly@garanlucow.com
wduffield@garanlucow.com